**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |
|---|---|
| PORTO TECHNOLOGY, CO., LTD.,<br>PORTO TECHNOLOGY, LLC, AND<br>JI-SOO LEE,<br><br>        Plaintiffs,<br><br>        v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS, AND<br>VERIZON SERVICES CORP.,<br><br>        Defendants. | Case No. 3:13-cv-265 (HEH)<br><br><br>**[JURY TRIAL DEMANDED]** |

**DEFENDANT CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS'
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") hereby

submits its Answer and Affirmative Defenses to Plaintiffs Porto Technology, Co., Ltd., Porto

Technology, LLC, (collectively, "Porto") and Ji-Soo Lee's Amended Complaint:

**THE PARTIES**[1]

1.      Verizon Wireless lacks information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 and therefore denies same.

2.      Verizon Wireless lacks information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 and therefore denies same.

3.      Verizon Wireless lacks information sufficient to form a belief as to the truth of the

allegations contained in paragraph 3 and therefore denies same.

---

[1]      For ease of reference, Verizon Wireless incorporates the outline headings used in the Amended Complaint. To the extent that such headings make factual allegations, Verizon Wireless does not adopt or admit such statements and instead denies them.

4.    Verizon Wireless admits that it is a general partnership organized and existing under the laws of the State of Delaware.  Verizon Wireless states that it has a principal place of business at One Verizon Way, Basking Ridge, New Jersey 07920.  Verizon Wireless admits that it may be served with process through its registered agent, the Corporation Trust Company at 4701 Cox Road, Suite 301, Glen Allen, Virginia 23060.

5.    Verizon Wireless states that Verizon Services Corp. ("VSC") was dismissed from the case on May 16, 2013.  See Dkt No. 14.

## JURISDICTION AND VENUE

6.    Paragraph 6 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits that this action purports to arise under the Patent Laws of the United States, Title 35, United States Code and that this Court has jurisdiction over the subject matter based upon the Patent Laws of the United States, Title 35, United States Code, and by Title 28, United States Code, § 1331 and § 1338(a).  Verizon Wireless admits only that based on the allegations in the Amended Complaint, Verizon Wireless is subject to the personal jurisdiction of this Court for this matter under the Va. Code Ann. § 8.01-328.1.  Verizon Wireless specifically denies that it has committed acts of infringement in this District.  Verizon Wireless denies any remaining allegations contained in paragraph 6 to the extent they relate to Verizon Wireless and states that VSC was dismissed from the case on May 16, 2013.

7.    Verizon Wireless denies the allegations contained in paragraph 7 to the extent they relate to Verizon Wireless and states that VSC was dismissed from the case on May 16, 2013.

8.    Paragraph 8 contains conclusions of law and not averments of fact to which an

answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 8 to the extent they relate to Verizon Wireless and states that VSC was dismissed from the case on May 16, 2013.

9.    Paragraph 9 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless admits that the minimum requisites for venue under 28 U.S.C. § 1391 exist in this district.  Verizon Wireless specifically denies that it has committed acts of infringement in this District.  Verizon Wireless denies all remaining allegations contained in paragraph 9 to the extent they relate to Verizon Wireless and states that VSC was dismissed from the case on May 16, 2013.

<strong><u>FACTUAL ALLEGATIONS</u></strong>

**A. The '518 Patent**

10.    Paragraph 10 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies same.

11.    Paragraph 11 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies same.

12.    Paragraph 12 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13.     Verizon Wireless admits that United States Patent No. 6,233,518 (the "'518 patent") states as its title "METHOD AND SYSTEM FOR PROVIDING AN IMAGE VECTOR-BASED TRAFFIC INFORMATION."  Verizon Wireless admits that on its face, the '518 patent lists an issuance date of May 15, 2001.  The remainder of paragraph 13 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

14.     Paragraph 14 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 14.

15.     Paragraph 15 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 15.

**B. The Alleged Infringement of the '518 Patent by Verizon Wireless**

16.     Verizon Wireless admits that it sells or offers for sale cellular telephones and cellular telephone services for communicating with its cellular network.  Verizon Wireless specifically denies that it has committed or continues to commit any wrongful acts in this district, including direct or indirect infringement of any valid, enforceable claim of the '518 patent. Verizon Wireless denies all remaining allegations contained in paragraph 16.

17.     Verizon Wireless states that its registered agent was served with a copy of a complaint by Porto against Verizon Wireless in the predecessor case, 3:12-cv-678-HEH, that included a copy of the '518 patent on or around September 25, 2012.  Verizon Wireless denies that this provided sufficient legal notice of the '518 patent to Verizon Wireless as of that date.

Verizon Wireless specifically denies that is has conducted its business operations in a reckless manner, and states that including an indemnification clause in a business services contract is a standard, *legal* business practice.  Verizon Wireless also denies that it has committed or continues to commit any wrongful acts in this district, including direct or indirect infringement of any valid, enforceable claim of the '518 patent.  Verizon Wireless denies all remaining allegations contained in paragraph 17.

**COUNT I**
**DIRECT INFRINGEMENT OF THE '518 PATENT**

18.     Verizon Wireless repeats and re-asserts its responses to paragraphs 1-17 above.

19.     Paragraph 19 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed or continues to commit any wrongful acts in this district, including infringement, literal or through the doctrine of equivalents, of any valid, enforceable claim of the '518 patent.  Verizon Wireless denies all remaining allegations contained in paragraph 19.

20.     Paragraph 20 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 20.

21.     Paragraph 21 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 21.

22.     Paragraph 22 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 22.

23.     Verizon Wireless admits that it sells the Motorola Droid Razr Maxx which

5

contains the Verizon VZ Navigator software.  Verizon Wireless specifically denies that it infringes claim 45 of the '518 patent.  The remainder of paragraph 23 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 23.

24.     Verizon Wireless admits that it sells phones that include the Verizon VZ Navigator software.  Verizon Wireless specifically denies that all phones sold by it are compatible with VZ Navigator operate in substantially the same way as the Motorola Droid Razr Maxx.  Verizon Wireless also denies that it infringes claim 45 of the '518 patent.  The remainder of paragraph 24 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, denies the allegations contained in paragraph 24.

## COUNT II
## INDIRECT INFRINGEMENT OF THE '518 PATENT

25.     Verizon Wireless repeats and re-asserts its responses to paragraphs 1-24 above.

26.     Paragraph 26 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has had knowledge of infringement of any valid, enforceable claim of the '518 patent. Verizon Wireless denies all remaining allegations contained in paragraph 26.

27.     Paragraph 27 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed or continues to commit any wrongful acts in this district, including inducing infringement by Verizon Wireless' customers, users, or subscribers of any valid, enforceable claim of the '518 patent.  Verizon Wireless denies all remaining allegations contained in paragraph 27.

28. Paragraph 28 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 28.

**COUNT III**
**CONTRIBUTORY INFRINGEMENT OF THE '518 PATENT**

29. Verizon Wireless repeats and re-asserts its responses to paragraphs 1-28 above.

30. Paragraph 30 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies that it has committed or continues to commit any wrongful acts in this district, including contributing to the direct infringement by Verizon Wireless' customers, users, or subscribers of any valid, enforceable claim of the '518 patent. Verizon Wireless denies all remaining allegations contained in paragraph 30.

31. Paragraph 31 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless denies the allegations contained in paragraph 31.

32. Paragraph 32 contains conclusions of law and not averments of fact to which an answer is required, but insofar as an answer may be deemed required, Verizon Wireless states that its registered agent was served with a copy of a complaint by Porto against Verizon Wireless in the predecessor case, 3:12-cv-678-HEH, that included a copy of the '518 patent on or around September 25, 2012. Verizon Wireless denies that this provided sufficient legal notice of the '518 patent to Verizon Wireless as of that date. Verizon Wireless specifically denies that it has committed or continues to commit any wrongful acts in this district, including direct or indirect infringement of any valid, enforceable claim of the '518 patent. Verizon Wireless denies all remaining allegations contained in paragraph 32.

## PRAYER FOR RELIEF

33.     To the extent not expressly admitted, Verizon Wireless denies each and every allegation in the Amended Complaint.

34.     Verizon Wireless denies that the Plaintiffs are entitled to any of the relief sought in its prayer for relief.

## DEMAND FOR JURY TRIAL

35.     Verizon Wireless agrees with the Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

36.     On information and belief, one or both Plaintiffs lack standing to pursue this lawsuit.

### Second Affirmative Defense

37.     The claims of the '518 patent are invalid and/or unenforceable under one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

38.     Verizon Wireless' actions with respect to the use, sale or offer for sale of services or products or any other accused activity do not directly or indirectly infringe, contribute to the infringement, or induce the infringement of any properly construed, valid and/or enforceable claims of the '518 patent.

### Fourth Affirmative Defense

39.     As and for a separate affirmative defense, Verizon Wireless alleges on information and belief that any claim for damages for patent infringement by the Plaintiffs is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of

8

infringement of the '518 patent to Verizon Wireless.

### Fifth Affirmative Defense

40. Plaintiffs are not entitled to enhanced or increased damages for willful infringement because Verizon Wireless has not engaged in any conduct that meets the applicable standard for willful infringement.

### Sixth Affirmative Defense

41. Plaintiffs are not entitled to injunctive relief against Verizon Wireless because any alleged injury to Plaintiffs as a result of Verizon Wireless' alleged activities is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

### Seventh Affirmative Defense

42. Plaintiffs' claims are barred by equitable doctrines including the doctrine of laches, waiver, and estoppel.

### Eighth Affirmative Defense

43. As and for a separate affirmative defense, Verizon Wireless alleges that any claim for damages for alleged inducement is limited to only those damages occurring after proper and sufficient notice of alleged infringement to Verizon Wireless.

### Ninth Affirmative Defense

44. As and for a separate affirmative defense, Verizon Wireless alleges that any claim for damages for alleged contributory infringement is limited to only those damages occurring after proper and sufficient notice of alleged infringement to Verizon Wireless.

******

45. Verizon Wireless reserves the right to assert affirmatively any other matter that constitutes an affirmative defense under applicable laws and rules.

9

Date: May 22, 2013

Respectfully Submitted,

 _/s/ Brian Riopelle_____
BRIAN C. RIOPELLE
briopelle@mcguirewoods.com
MCGUIRE WOODS LLP
901 E Cary St
Richmond, VA 23219-4030
Tel: 804.775.1084
Fax: 804.698.2150

KEVIN P. ANDERSON (to be admitted *pro hac
vice*)
kanderson@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
Tel: 202.719.7000
Fax: 202.719.7049

*Attorneys for Defendant Cellco Partnership d/b/a
Verizon Wireless*

10

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system per Local Rule CV-5(a)(3) on this 22nd Day of May 2013.

*/s/ Brian Riopelle*_____
Brian Riopelle